IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA : | 1:05CR291-1 |
| v : | |
| OMARI J. BRUNSON : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, OMARI J. BRUNSON, in his own person and through his attorney, Greg Plumides, and state as follows:

1. The defendant, OMARI J. BRUNSON, is presently charged in an Information in case number 1:05CR291-1, which charges him with a violation of Title 18, United States Code, Section 2113(d), bank robbery with a dangerous weapon.

2. The defendant, OMARI J. BRUNSON, will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

   a. The defendant, OMARI J. BRUNSON, understands that the penalties provided by law for the Information are imprisonment for not more than 25 years, a fine of $250,000, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b. The defendant, OMARI J. BRUNSON, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant also understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any victim of the offenses, pursuant to Title 18, United States Code, Section 3663A.

d. The defendant, OMARI J. BRUNSON, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in 18 U.S.C. § 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to the Information herein, the defendant, OMARI J. BRUNSON, as to the Information

2

herein, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, OMARI J. BRUNSON, is going to plead guilty to the Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows.

    a. It is agreed that the defendant, OMARI J. BRUNSON, will waive in open court prosecution by indictment and will consent to be charged in an information.

    b. It is understood that, if the Court determines at the time of sentencing that the defendant, OMARI J. BRUNSON, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

3

c.  The United States and the defendant, OMARI J. BRUNSON, understand and agree that any information concerning the unlawful activities of others supplied to the Government as part of an agreement to cooperate is subject to all of the provisions of Section 1B1.8 of the Sentencing Guidelines and shall not be used in calculating the applicable guideline range.  The use of such information shall not be restricted in any of the circumstances specifically set forth in Section 1B1.8(b) of the Sentencing Guidelines.

d.  It is further agreed by and between the United States and the defendant, OMARI J. BRUNSON, that should the United States file on behalf of the said defendant substantial assistance pleadings pursuant to Title 18, United States Code, Section 3553(e) and Section 5K1.1 of the United States Sentencing Guidelines, the defendant, OMARI J BRUNSON, expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory

4

maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, ethnic origin and gender

6. It is further understood that the United States and the defendant, OMARI J. BRUNSON, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

7. The defendant, OMARI J. BRUNSON, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, he shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which

are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 28 day of ~~April~~ July, 2005.

ANNA MILLS WAGONER  
United States Attorney

~~JOHN G. PLUMIDES~~ Greg Plumides  
Attorney for Defendant

KEARNS DAVIS  
NCSB #22014  
Assistant United States Attorney

OMARI J. BRUNSON  
Defendant

   P. O. Box 1858  
   Greensboro, NC  27402

   336/333-5351

6